**ESTATE OF AOFIA AVEINA, Deceased.**

High Court of American Samoa
Trial Division

PR No. 21-83

January 17, 2002

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel:    For Executor, Roy J.D. Hall, Jr.
            For Claimant/Intervenor, Charles V. Ala`ilima

ORDER ON CLAIMANT'S MOTION TO DISMISS AND ON PETITION TO ADMIT WILL TO PROBATE

The factual background to this matter and our conclusions as to testamentary capacity and authenticity of the testamentary document before the court is set out in our Order On Motion For Probate, entered March 12, 2001. The sole remaining issue for resolution concerns the fact of the missing original will and whether a photocopy filed with the petition for probate can be held to sufficiently express the decedent's testamentary intent.

On December 18, 2001, the matter came on for hearing upon motion filed by claimant/intervenor Faleula Daphne Togia`i ("Togia`i") to dismiss the outstanding petition of the named executor of the will, Finagalo Aveina (the "executor"), to admit the will to probate, citing grounds of delay. In lieu of probate, Togia`i seeks administration of the decedent's estate in accordance with the intestate succession statute, A.S.C.A. "40.0201 et seq.

The executor, citing to his counsel's recent off-island surgery and unavoidable delay in gaining access to the files of testator's late attorney, Mulitauaopele Ivi ("Pele"), moved to resume hearing on the issue of revocation. There being no basis for Togia`i's motion, and there being no objection to the immediate resumption of proceedings, we heard evidence on the issue of revocation.

Leaisa Asuega-Ieremia ("Asuega-Ieremia"), one of the witnesses to testator's will, and an employee at all relevant times in Pele's law office,

had earlier testified about the preparation and execution of the will. She testified this time that she had recently, at petitioner's behest, searched counsel Pele's files on storage at his family home looking out for anything on testator's matters.[1] She further testified that her search did not uncover any files on testator's matters but that a number of the law office files were missing, while others were hurricane damaged. Mrs. Ieremia also testified that the originals of some of the wills drawn up by Pele, were retained by the law office while in other cases, the original was taken by the client.

The executor took the stand to explain how the photocopy of the will, on file with the court, was located. He testified that some time after his mother's demise he received a call from Amerika Samoa Bank regarding his mother's safety deposit box. He went thereafter to the bank to look into the matter and when the contents of the safety deposit box were finally examined, the will copy was discovered. That after this discovery, he went and saw his mother's attorney, Pele and after meeting with him the lawyer's only instructions to him was to go ahead and do what the will required. He heard no more from the lawyer.

One of testator's daughters and a granddaughter testified that their mother/grandmother had confided in each of them about her testamentary intentions; specifically, about testator's desire to ensure that the family business remain in the capable direction of her son Finagalo.

Togia`i also took the stand to again assert her position of undue influence. She testified that her mother had also confided in her about her testamentary intentions, and about her half brother Finagalo's overbearing influence to get her to sign a will. Togia`i further testified that petitioner Finagalo had essentially admitted to her his being the root cause of their mother's stress related heart attack.

**Findings & Discussion**

At the outset, we affirm our prior finding of no undue influence. We again find Ms. Togia`i's testimony to be unbelievable. We add at this time that the subject estate is largely comprised of testator's share in a family business, which she had developed with her surviving spouse Aveina. In these circumstances, it is hardly surprising, therefore, that testator would only have in mind as objects of her bequests, the children of her marriage with her surviving spouse and business partner. It is equally not surprising, therefore, that testator's bequests involving the Aveina business did not embrace the children of her prior marriage to

---

[1] Ms. Ieremia also testified that Mrs. Pele had been off-island for some extended time and hence the delay in undertaking the search.

Togia`i. Against this light, the undue influence claims of Togia`i (a child of a former marriage) appear even less credible.

■ We are satisfied that the credible evidence here received clearly shows that the missing original is more the case of a lost original rather than one of revocation. Under these circumstances, the photocopy may be admitted to probate. *In re Arbuckle's Estate*, 220 P.2d 950 (Cal. 1950). As we earlier found, there was no question that the testamentary document before us is an unaltered photocopy of the original will. The testimony of Ms. Asuega-Ieremia, a disinterested party, was unequivocal. There is no question that the will was executed with full testamentary capacity in accordance with applicable law. At the same time, testator made her testamentary intentions well known to some of her children, which expressions are corroborative of the will's bequests. Moreover, the missing original is sufficiently explained by Pele's practice of retaining will originals. Lastly, the fact that testator had kept the photocopy she had in her possession in a bank safety deposit box is of significant import. This fact clearly evidences the importance of the document to the testator; this fact is clearly antithetical to an intent to revoke.

## *Order*

We conclude in favor of preserving the testator's expressed testamentary intent and admit the testamentary document to probate. Petition is granted.

It is so ordered.